IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **MADERITZ CONCRETE CONSTRUCTION, INC.**<br>1062 Beechwood Drive<br>Girard, Ohio 44420<br><br>   Plaintiff,<br><br>   v.<br><br>**UNITED STATES OF AMERICA**<br>c/o Rebecca C. Lutzko, U. S. Attorney<br>801 West Superior Avenue<br>Suite 400<br>Cleveland, Ohio 44113<br><br>c/o  Merrick B. Garland, Attorney General<br>Department of Justice<br>950 Pennsylvania Avenue, N.W.<br>Washington, D.C. 20530-0001<br><br>c/o  Danny Werfel, Commissioner of<br>Internal Revenue<br>Internal Revenue Service<br>1111 Constitution Avenue, N.W.<br>Washington, D.C. 20224<br><br>   Defendant. | ))))))))))))))))))))))))))) | CASE NO.<br><br>JUDGE<br><br><br><br>**COMPLAINT FOR TAX REFUND (WITH JURY DEMAND ENDORSED HEREON)** |

Now come plaintiff, Madeiritz Concrete Construction, Inc., (MCC), by and through counsel, and for its complaint states as follows:

## PARTIES

1. Plaintiff MCC is an Ohio Corporation with its principal place of business at 1062 Beechwood Drive, Girard, Ohio 44420, Trumbull County, Ohio.

2. The Defendant is the United States of America.

## JURISDICTION

3. This is an action for recovery of federal income taxes and interest erroneously or illegally assessed and collected from Plaintiff, and this Court has jurisdiction over this matter by virtue of 28 U.S.C. § 1346(a)(1).

4. Venue is proper in this district pursuant to 28 U.S.C. § 1402(a)(1).

## COUNT ONE

5. Plaintiff re-alleges and incorporate herein each and every allegation contained in paragraphs 1-4, above, as if fully rewritten herein.

6. Recovery is sought of penalties asserted under 26 U.S.C. § 6721, for allegedly willfully failing to file Forms W-2 with the Social Security Administration (SSA) for the tax year 2018.

7. With respect to the taxable year 2018, Plaintiff filed Forms W-2 with the SSA on or about January 30th or January 31, 2019

8. Plaintiff also distributed Forms W-2 to its employees for the tax year 2018 in January 2019.

9. Plaintiff was not notified by SSA or IRs that the Forms W-2 sent by Plaintiff were not recorded as received until it received a notice from the Internal Revenue Service (IRS) proposing a penalty of $87,559.11, said notice being dated March 28, 2022.

10. Michelle Maderitz, MCC's President, call IRS immediately upon receiving the March 28, 2022 notice. She was instructed to send the Forms W-2 to a particular

address in Cincinnati, Ohio. Michelle Maderitz sent the forms as instructed on April 6, 2022 via USPS Priority Mail.

11. Eventually, Plaintiff would send the Forms W-2 to IRS several more times by mail, via facsimile, and by hand delivering them to a Revenue Officer in IRS's Youngstown Office.

12. On October 10, 2022, MCC received a letter from SSA indicating that there were errors in the Forms W-2 submitted.

13. Michelle Maderitiz called SSA and was advised that the following errors existed in the Forms W-2 for 2018 – one employee's Social Security Number was incorrect due to a typing/data entry error, i.e., a "73" should have been a "72," , and another employee who was paid only $118.16 for the year, did not show Medicare wages.

14. On June 13, 2022, MCC delivered in person a request that the penalty under 26 U.S.C. 6721 be abated and consequently, any monies that had been applied from other returns/periods, be refunded.

15. On June 11, 2024, MCC filed a claim for refund and request for abatement for other amounts paid towards the amount of the penalty asserted.

16. IRS has never responded to Plaintiff's request or acted upon it.

17. MCC has corrected the incorrect information.

18. MCC did not intentionally disregard the filing requirement or the correct information reporting requirement. Accordingly, no penalty under 26 U.S.C. § 6721(e) applies to MCC for the 2018 tax year.

3

19. The errors on the Forms W-2 were di-minimis and, therefore 26 U.S.C. 6721(c) applies to prevent assertion of any penalty.

20. Although MCC did file the Forms W-2 as required, if they were not received, MCC corrected immediately after being notified of the issue and, therefore, if any penalty should apply, then amount should be $50 per return per 26 U.S.C. § (b).

21. MCC has in fact overpaid it's 2018 had in fact overpaid the penalty asserted by the amount of $87,559.10.

22. The Plaintiff does not owe any penalty under 26 U.S.C. § 6721 for the tax year 2018.

23. Plaintiffs paid the assessed penalties, along with associated interest, in the following amounts and on the dates indicated:

| Date of Payment | Tax Year | Amount |
| --- | --- | --- |
| June 15, 2022 | 2018 | $ 553.40 |
| March 28, 2022 | 2018 | $ 8,293.41 |
| March 28, 2022 | 2018 | $ 68.96 |
| June 14, 2022 | 2018 | $ 1,332.73 |
| June 14, 2022 | 2018 | $25,667.68 |
| March 28, 2022 | 2018 | $51,344.05 |
| March 28, 2022 | 2018 | $ 530.47 |

24. All of the payments were transfers in from Form 941 accounts of MCC.

4

25. Defendant's agent at the Internal Revenue Service pledged to abate the penalty and reallocate the payments that had been transferred from other forms and periods.

26. Despite the pledge to remove the penalty and reallocate the payments, Defendant has not done so.

27. Since Plaintiff does not owe any penalty under 26 U.S.C. § 6721 or does not owe the full amount assessed, Defendant's refusal to refund the amounts applied to the 2018 penalty assessed is erroneous and illegal.

28. Plaintiff is the sole owner of its claims against Defendant, and has made no assignment of said claims.

WHEREFORE, Plaintiff prays for judgment against Defendant in the total amount of $88,785.04 (full amount with pending claim), plus interest and costs as provided by law, and for such other and further relief as this Court may deem just and appropriate.

    Respectfully submitted,

/s/ *J. Scott Broome*
J. Scott Broome
Ohio Bar No. 0042164
J. SCOTT BROOME & ASSOCIATES CO.
1501 Chagrin River Road
Gates Mills, Ohio 44040
Phone: (440) 448-5142
Facsimile: (440) 423-1798

sbroome@broomelpa.com

ATTORNEYS FOR PLAINTIFF

## **JURY DEMAND**

Plaintiffs hereby demand a trial by jury pursuant to Rule 38(b) of the Federal Rules of Civil Procedure.

>*/s/ J. Scott Broome*
>J. Scott Broome
>
>Attorney for Plaintiff